IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OSCAR GARCIA,** : | CIVIL ACTION NO. 3:23-CV-565 |
|  : | |
| Petitioner  : | (Judge Neary) |
|  : | |
| v.  : | |
|  : | |
| **WARDEN R. THOMPSON,**  : | |
|  : | |
| Respondent  : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Oscar Garcia, an inmate in Allenwood Low Security Correctional Institution ("LSCI-Allenwood") argues that the United States Bureau of Prisons ("BOP") has improperly denied him credit towards his sentence for a period of approximately twenty-two months when he was temporarily in federal custody on a writ of habeas corpus ad prosequendum. Because the BOP properly determined that Garcia was not entitled to credit for this period, his petition will be denied.

**I.      Factual Background & Procedural History**

Garcia is serving a 180-month sentence imposed by the United States District Court for the District of New Mexico for conspiracy to violate 21 U.S.C. § 841(b)(1)(A) and money laundering conspiracy. (Doc. 9-1 at 2). On June 14, 2016, while Garcia was serving an unrelated state sentence in the Oklahoma Department of Corrections, he was temporarily transferred to federal custody on a writ of habeas corpus ad prosequendum so that he could face his federal charges. (Id.) The District of New Mexico imposed his current federal sentence on April 10, 2018. (Id.)

During the sentencing hearing, the court stated that "two years of the pronounced sentence is to run concurrent to the remaining prison sentence the defendant is serving in the Oklahoma case CF-1993-00019." See United States v. Garcia, No. 2:16-CR-1601-3, Doc. 174 (D.N.M. Aug. 7, 2018).[1] Garcia asked whether he would get credit for the time he had been in federal custody on a writ of habeas corpus ad prosequendum, which led to the following exchange:

> THE COURT: Yes, you'll get credit for all of the time that you've spent. You were writted out of State custody, so I think those 22 months apply against this number as opposed to that. I don't – you'll get credit against that one number or the other, yes, certainly.
> THE DEFENDANT: So am I going to have to go back to Oklahoma, or are you going to run that concurrently?
> THE COURT: You heard me say that I'm going to run two years of it concurrent with the tail end of your Oklahoma sentence. At this point, I would imagine you're going to be in BOP custody, but that's magic that I don't have anything to do with. So – but you certainly get credit against one number, one number or the other, for that 22 months.

Id. at 21.

On June 6, 2018, Garcia was returned to the custody of the Oklahoma Department of Corrections, with his federal sentence lodged as a detainer. (Doc. 9-1 at 2). Garcia remained in state custody until October 12, 2020, when he was transferred to the BOP to complete his federal sentence. (Id.)

The BOP calculated Garcia's sentence as beginning on April 10, 2018, the date he was sentenced in federal court. (Id.) It did not give him credit for the time before that date when he was in federal custody on a writ of habeas corpus ad

---

[1] The court takes judicial notice of the sentencing transcript and all other documents contained on the electronic docket of Garcia's underlying criminal case.

prosequendum, because such time had already been credited towards his Oklahoma state sentence. (Id.)

Garcia filed this case on April 4, 2023, seeking credit towards his sentence for the approximately 22 months that he was in federal custody on a writ of habeas corpus ad prosequendum. (Doc. 1). The case was initially assigned to United States District Judge Malachy E. Mannion. Respondent filed a response on June 26, 2023, arguing that credit for the relevant period was properly denied because Garcia was given credit for the period towards his state sentence. (Doc. 9). Garcia filed a reply brief on July 19, 2023, arguing that he should be given credit for the period under Willis v. United States, 438 U.S. F.3d 923 (5th Cir. 1971), Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), and the BOP's program statement applying those decisions. (Doc. 10). The case was reassigned to the undersigned on January 21, 2025, pursuant to a verbal order from Chief United States District Judge Matthew W. Brann.

**II.   Discussion**

Garcia's request for presentence credit is governed by 18 U.S.C. § 3585. Under Section 3585, a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The statute further provides that the defendant is to be given credit:

> for any time he has spent in official detention prior to the date the sentence commences--

3

> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. § 3585(b).

Under the primary custody doctrine, when a defendant faces prosecution by both a state government and the federal government "the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign." Taccetta v. BOP, 606 F. App'x 661, 663 (3d Cir. 2015) (nonprecedential) (citing Bowman v. Wilson, 672 F.2d 1145, 1153 (3d Cir. 1982)). When a defendant is temporarily transferred from one sovereign to another under a writ of habeas corpus ad prosequendum, the defendant "remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000), *supserseded by statute in nonrelevant part as recognized in* United States v. Saintville, 218 F.3d 246, 247 (3d Cir. 2000). The defendant "remains in service of the first sentence imposed during the time period, and the writ merely 'loans' the prisoner to federal authorities." Id. at 275.

Garcia's request for time credit for the 22 months he spent in federal detention on a writ of habeas corpus ad prosequendum is plainly barred by Section 3585(b)'s prohibition on double credit because he remained in service of his state

4

sentence and was given credit towards his state sentence for the period. See 18 U.S.C. § 3585(b); Rios, 201 F.3d at 274-75.

Garcia nevertheless requests that he be given credit pursuant to Willis and Kayfez and the BOP program statement applying those decisions. (See Doc. 10). Willis and Kayfez recognize a limited exception to Section 3585(b)'s prohibition on double counting for presentence credit in situations "where a credit against a concurrent state sentence 'would not benefit the defendant except that he would be serving only one sentence instead of two concurrent ones.'" Taccetta, 606 F. App'x at 664 (internal alterations omitted) (quoting Kayfez, 993 F.2d at 1290). In such a situation, Willis and Kayfez allow credit to be applied to the defendant's federal sentence even if the defendant already received credit for the same period towards his state sentence. Id. The Willis rule applies only when (1) the state and federal sentences are concurrent; and (2) the "effective full term"—i.e., the full sentence length not including any potential time credits—of the state sentence is equal to or shorter than the federal sentence. Id. The Kayfez rule applies only when (1) the state and federal sentences are concurrent; and (2) the effective full term of the state sentence is shorter than the federal sentence once qualified presentence time has been applied to the sentence. Id. The BOP applies both the Willis and Kayfez rules nationwide pursuant to a BOP program statement. Id.

Neither the Supreme Court nor the United States Court of Appeals have ever adopted the Willis and Kayfez rules in a precedential opinion. The only precedential Third Circuit case that has discussed the scope of Willis and Kayfez is Rios, where the court noted in dicta that the BOP's rule adopting the cases

5

"seemingly conflicts with the plain language of section 3585(b).") Rios, 201 F.3d at 272. The court, however, did not squarely address whether Willis and Kayfez credits are proper under the statute, noting that that issue was not before the court. Id.

Nevertheless, several nonprecedential decisions in this circuit have applied Willis and Kayfez in deference to the BOP's policy applying them. See, e.g., Taccetta, 606 F. App'x at 663 ("The BOP's view of § 3585, as expressed through an interpretative rule, is entitled to 'some deference so long as it sets forth a permissible construction of the statute.'" (quoting Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011))); Shahid v. Schultz, 272 F. App'x 150, 154 (3d Cir. 2008) ("Affording the BOP's Program Statement the deference it is due, we cannot declare it invalid on the basis of the challenge lodged against it by Shahid." (quoting Rios, 201 F.3d at 275)).

Deference to the BOP's policy may have been justified at the time these decisions were issued, but after the Supreme Court's decision in Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), it no longer is. In Loper Bright, the Court overruled the Chevron doctrine,[2] which required courts to defer to an administrative agency's reasonable interpretation of an ambiguous statute. Id. at 412. Under Loper Bright, courts are to give due regard to an agency's expertise in a particular field, but are no longer bound by the agency's interpretation of the

---

[2] See Chevron, U.S.A., Inc. v. Nat. Resources Defense Council, Inc., 467 U.S. 837 (1984).

statute. Id. at 403. Courts must interpret a statute without deferring to an agency's policy preference that is not expressed in the language of the statute. Id. at 403-04.

Viewed without binding deference, the BOP's policy adopting Willis and Kayfez is plainly contradictory to the language of 18 U.S.C. § 3585(b). Both Willis and Kayfez allow a defendant to receive credit towards his sentence for presentence time that has already been credited towards the defendant's state sentence. See Taccetta, 606 F. App'x at 664. Section 3585(b), however, clearly states that presentence credit may only be awarded towards a federal sentence for time "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Although the BOP policy adopting Willis and Kayfez and allowing double counting of some presentence time may be good policy, it is plainly not a policy that is allowed by the language of the statute. Hence, this court must apply the language of Section 3585(b) and deny Garcia's request for credit for the period in which he was in federal detention on a writ of habeas corpus ad prosequendum because this time was credited towards his state sentence.

Moreover, even if Section 3585(b) did allow Willis and Kayfez credits for presentence time, Garcia would not be entitled to such credits. Willis and Kayfez only apply when a defendant's federal and state sentences are concurrent. See Taccetta, 606 F. App'x at 664. Here, the sentencing court stated during Garcia's sentencing hearing that his federal sentence would run concurrently with his state sentence for the remainder of the state sentence and that Garcia would receive credit for the period he was in federal detention on a writ for either his state sentence *or* his federal sentence. See Garcia, No. 2:16-CR-1601-3, Doc. 174, at 21

("I'm going to run two years of it concurrent with the tail end of your Oklahoma sentence. . . . [B]ut you certainly get credit against one number, one number or the other, for that 22 months."). The sentencing court's statement cannot be construed as making Garcia's federal sentence retroactively concurrent with the state court sentence such that he is entitled to presentence credit towards his federal sentence. See Allan v. Johns, 205 F. App'x 934, 937 (3d Cir. 2006) (nonprecedential) (concluding that sentencing court's language conveyed only that federal sentence and state sentence would run concurrently for period following imposition of federal sentence because the sentencing court did not make any explicit statement evincing an intent to impose a "retroactively concurrent" sentence). Rather, the sentencing court's statement expresses an intention that the sentences would run concurrently for the period after the federal sentence was imposed but that Garcia would only receive presentence credit towards one of the sentences. Thus, because Garcia has already received credit for his presentence detention towards his state sentence, he is not entitled to credit for that period towards his federal sentence.

### III.   Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   March 20, 2025

8